IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMANDA LEIGH CHESTNUT** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 16-6204 |
| v. | : | |
| | : | |
| **NANCY A. BERRYHILL, Acting** | : | |
| **Commissioner of the Social Security** | : | |
| **Administration**[1] | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　　　　　　MARCH 8, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

On November 28, 2016, Plaintiff Amanda Leigh Chestnut ("Plaintiff") filed a counseled complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of Carolyn W. Colvin, then the Acting Commissioner of the Social Security Administration ("Defendant"), which denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. [ECF 1].[2] Plaintiff claims that she is disabled due to several impairments, including bipolar disorder, attention deficit disorder, hyperactivity, and severe depression.

---

[1]　　At the time Plaintiff filed her complaint, Carolyn W. Colvin ("Colvin") was the Acting Commissioner of the Social Security Administration. On January 23, 2017, Nancy A. Berryhill ("Berryhill") succeeded Colvin as Acting Commissioner. Thus, pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is substituted as the named defendant. *See* Fed. R. Civ. P. 25(d).

[2]　　The authority to seek judicial review of a final determination regarding disability insurance benefits is governed by 42 U.S.C. § 405(g). The authority to seek judicial review of a final determination regarding SSI is governed by 42 U.S.C. § 1383(c)(3), which states that the "final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

Consistent with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1, this matter was randomly referred to United States Magistrate Judge Marilyn Heffley (the "Magistrate Judge") for a *Report and Recommendation* ("R&R"). [ECF 12]. On September 29, 2017, the Magistrate Judge issued a thorough and well-reasoned R&R, and recommended that Plaintiff's request for judicial review be denied. [ECF 13]. Plaintiff timely filed objections to the R&R which challenge the findings that Administrative Law Judge Anne W. Chain (the "ALJ") gave the appropriate weight to the opinions of the treating psychiatrists, Eliza Wilfred, MD; Michael Turk, MD; April Colbert, Psy.D.; and Melissa Diorio, Psy.D. [ECF 14]. Plaintiff also objected to the Magistrate Judge's findings that the ALJ appropriately weighed Plaintiff's global assessment of function ("GAF") score, and properly incorporated Plaintiff's limitations when assessing her residual functional capacity ("RFC") and when questioning the vocational expert. (*Id.*).

After conducting a comprehensive *de novo* review of the administrative record, the R&R, and Plaintiff's objections, for the reasons set forth herein, this Court finds that substantial evidence of record exists to support the ALJ's findings and, as such, the Magistrate Judge did not commit any error. Therefore, Plaintiff's objections are overruled, and the R&R is approved and adopted. Plaintiff's request for review is denied.

**BACKGROUND**

The following is a succinct summary of the facts and the procedural history of this case as gleaned from the administrative record ("A.R."), [ECF 7], the R&R, and Plaintiff's objections to the R&R; *to wit*:

> On August 29, 2013, Plaintiff filed her third application for SSI and indicated an onset date of disability of January 1, 2004, caused by her diagnoses of bipolar disorder, attention deficit disorder, hyperactivity, and severe depression. (A.R. at 89, 146). Plaintiff's application was denied. (*Id.* at 21). Plaintiff appealed the denial and requested an administrative hearing. (*Id.*).

2

On September 15, 2015, Plaintiff, represented by counsel, appeared at a hearing before the ALJ. (*Id.*). At the hearing, Plaintiff amended the onset date of disability to August 16, 2013. (*Id.*). In the written decision dated September 25, 2015, the ALJ concluded that though Plaintiff suffered severe impairments consisting of "affective disorder, attention deficit disorder/attention deficit hyperactivity disorder; anxiety disorder; schizoaffective disorder and cannabis abuse," (*id.* at 23), none of these impairments, singularly or collectively, was of sufficient severity to meet or medically equal the requirements of any listed impairment or to satisfy "paragraph B" criteria. (*Id.* at 24-25). The ALJ also found that Plaintiff had moderate difficulty in maintaining "concentration, persistence, or pace." (*Id.* at 25). The ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels, limited to work involving routine tasks, short simple instructions, simple decisions, no interaction with the public and limited interaction with coworkers and supervisors, and no team work, (*id.*), and was capable of performing work in the national economy such as, *inter alia*, a kitchen helper and/or packer. (*Id.* at 32). The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since August 16, 2013, and denied Plaintiff's SSI application. (*Id.* at 32-33).

Plaintiff appealed the denial of benefits to the Appeals Council, which affirmed the ALJ's decision. (*Id.* at 1-3). Thus, the ALJ's decision became the final decision of the Commissioner. This request for judicial review followed.

**LEGAL STANDARDS**

To qualify for SSI benefits, a claimant must prove a disability. *See* 42 U.S.C. § 1382(a)(1). To be disabled, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A).

To determine whether a claimant is disabled, an ALJ must employ a five-step sequential evaluation process outlined in the Social Security regulations. *See* 20 C.F.R. §§ 404.1520(a)(1), 416.920(a).[3] A claimant bears the burden of proving steps one through four by substantial

---

[3] This five-step sequential analysis requires the ALJ to consider the following:

3

evidence. *See Plummer,* 186 F.3d at 428. At step five, the burden shifts to the Commissioner. *Id.* at 428. Ultimately, it is the claimant's burden to establish that he or she is disabled. *See* 20 C.F.R. §§ 416.912(a)(1); 404.703-704.

Judicial review of a final administrative decision is limited in scope. In reviewing a final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, a court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the factual findings of the ALJ to determine whether the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a

---

At step one, whether the claimant is currently engaging in substantial gainful activity. If the claimant is found to be engaged in substantial activity, the disability claim will be denied; otherwise the evaluation proceeds to step two.

At step two, whether the claimant has an impairment that is severe or a combination of impairments that is severe. If the claimant fails to show that the impairment or combination of impairments is "severe," claimant is ineligible for disability benefits; otherwise, the evaluation proceeds to step three.

At step three, whether the claimant's impairment or combination of impairments is of a severity sufficient to meet or medically equal the criteria listed in Part 404, Subpart P, Appendix 1. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.

At step four, whether the claimant retains the residual functional capacity to perform past relevant work. The claimant bears the burden of demonstrating an inability to return to past relevant work.

If the claimant is unable to resume [his] former occupation, the evaluation moves to the final step. At step five, the ALJ must determine whether the claimant, consistent with the claimant's medical impairments, age, education, past work experience, and residual functional capacity, is capable of performing other available work in the national economy. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether claimant is capable of performing work and is not disabled.

*See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *Dismuke v. Comm'r of Soc. Sec.,* 309 F. App'x 613, 615-16 (3d Cir. 2009); *see also Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir. 1999).

4

conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

When considering objections to a magistrate judge's report and recommendation, a court must undertake a *de novo* review of the portions of the report and recommendation to which the plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d 5, 7 (3d Cir. 1984). However, the ultimate issue to be decided is whether the Commissioner's final decision was supported by substantial evidence. *See Rutherford,* 399 F.3d at 552.

**DISCUSSION**

Here, this matter was referred to the Magistrate Judge to review the factual findings of the ALJ to determine whether they are supported by substantial evidence of record. The Magistrate Judge's review was memorialized in the R&R. Plaintiff has filed objections challenging the Magistrate Judge's findings with respect to the ALJ's decision. Specifically, Plaintiff contends that the ALJ's decision was wrong because the ALJ failed to give weight to the opinions of Dr. Turk and Dr. Wilred, her treating psychiatrists; and gave significantly more weight to the opinions of Dr. Colbert, a consultative psychiatric examiner, and Dr. Diorio, a state

5

agency psychological consultant. Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ properly considered Plaintiff's GAF score, and properly incorporated Plaintiff's limitations when assessing the RFC and when posing hypothetical questions to the vocational expert. [ECF 14].

After a careful consideration of the ALJ's decision, the underlying administrative record, the parties' respective briefs, and the R&R, this Court finds that the Magistrate Judge correctly addressed the underlying issues presented by the objections, and agrees with the reasoning and findings articulated in the R&R. Based on the administrative record, it is fair to conclude that the ALJ considered all the relevant evidence, including the opposing medical opinions, the vocational expert's opinion, and Plaintiff's statements concerning her impairments. This Court finds that the factual findings made are supported by substantial evidence. Though Plaintiff may disagree with the decision rendered, the ALJ provided explanations of the reasons for the weight given to each medical opinion offered, and to the overall decision. (A.R. at 26-31).

Specifically, as to Dr. Turk's opinion, the ALJ noted that Dr. Turk performed his assessment of Plaintiff in June 2011, prior to the alleged August 16, 2013 onset date of disability, and that Dr. Turk had not treated Plaintiff since 2011. (*Id.* at 30). As noted by the Magistrate Judge, an administrative law judge is not obligated to find evidence prior to the onset date of disability to be relevant or probative. *See, e.g.*, *Giese v. Comm'r of Soc. Sec.*, 251 F. App'x 799, 804 (3d Cir. 2007) (finding no error where ALJ excluded evidence prior to the onset date and adequately explained why the ALJ did not afford substantial weight to evidence prior to onset); *McKean v. Colvin*, 150 F. Supp. 3d 406, 414 (M.D. Pa. 2015).

As to Dr. Wilfred's July 2015 assessment, the ALJ found that Dr. Wilfred's opinion was not consistent with Plaintiff's treatment records and, further, that Dr. Wilfred had not performed

any formal evaluation to support her assessment. (A.R. at 30).[4] The ALJ noted that Dr. Wilfred examined Plaintiff on only two occasions, ostensibly for medication management and for the renewal of prescriptions. (*Id.* at 30, 390, 399). The ALJ concluded that Dr. Wilfred's opinions overstated Plaintiff's limitations. While Plaintiff may disagree with the ALJ, the explanations and determinations made by the ALJ are supported by substantial medical evidence of record.[5] Therefore, neither the ALJ nor the Magistrate Judge erred in their findings.

Plaintiff also objects to the weight given to the opinions of Dr. Colbert, the consulting psychiatrist, and the opinions of Dr. Diorio, a state agency psychological consultant. These objections are likewise without merit. The ALJ indicated that more significant weight was given to the opinion of Dr. Colbert because Dr. Colbert examined Plaintiff and provided medical assessments that were consistent with the nature and extent of the medical treatment rendered. (*Id.* at 30-31). The ALJ accepted and adopted the findings of Dr. Diorio because, as noted, Dr. Diorio's assessments were also supported by the treatment history and clinical records. (*Id.* at 31). These determinations are supported by substantial evidence and are within the providence of the ALJ. *See* 20 C.F.R. § 404.1527(c); *Chandler v Comm'r of Soc. Sec.*, 667 F.3d 356 (3d

---

[4] The Magistrate Judge correctly noted that Dr. Wilfred's assessment contrasted with results of a Biopsychosocial Psychiatric Evaluation performed by Dr. Rajat Goel as part of her treatment at Northeast Community Center for Mental Health. (R&R at 16-17).

[5] Plaintiff also objects to the Magistrate Judge's determination that Dr. Wilfred was not a treating physician for purposes of the Social Security regulations. [ECF 14 at 7]. The Magistrate Judge correctly concluded, however, that even if Dr. Wilfred were considered to be a treating physician, the ALJ was entitled to give Dr. Wilfred's opinion no weight because it was not supported by the treatment records. [ECF 13 at 11, 15]; *see also, e.g.*, *Salerno v. Comm'r of Soc. Sec.*, 152 F. App'x 208, 209 (3d Cir. 2005) (holding an ALJ may favor a non-treating physician's opinion over a treating physician's opinion where the non-treating physician's opinion is more consistent with the medical evidence); *Sherrod v. Barnhart*, 2002 WL 31429337, at *3 (E.D. Pa. Oct. 29, 2002) (holidng an ALJ can reject a treating physician's opinion so long as the ALJ provides an adequate explanation). This Court agrees with the Magistrate Judge and finds that the ALJ's decision to give no weight to Dr. Wilfred's assessment is supported by substantial evidence.

Cir. 2011). Thus, no error can be attributed to the ALJ's conclusions and/or the Magistrate Judge's findings.

Plaintiff objects to the Magistrate Judge's findings that the ALJ properly considered the GAF scores. Specifically, Plaintiff argues that the ALJ gave the GAF scores "undue weight," in light of the GAF scale being "eliminated" in the 2013 *Diagnostic and Statistical Manual of Mental Disorders*. [ECF 14 at 15]. Plaintiff concedes, however, that GAF scores may be considered as evidence by an ALJ and limits her argument to her contention that the ALJ treated the GAF scores with undue importance. (*Id.*). Plaintiff is mistaken. The ALJ specifically noted that the GAF scale had been eliminated by the 2013 *Diagnostic and Statistical Manual of Mental Disorders*, and that the GAF score was not dispositive but instead merely represented "medical opinions that require supporting evidence to be accorded significant weight." (A.R. at 31). The Magistrate Judge noted the same, and correctly concluded that considering the GAF scores in such a light was permissible under the Social Security regulations. (R&R at 21 n.9); *see also Brown v. Colvin*, 193 F. Supp. 3d 460, 465 (E.D. Pa. 2016) ("The Social Security Administration permits ALJs to use GAF ratings as opinion evidence in claims of mental disorders, but instructs a 'GAF score is never dispositive of impairment severity,' and an ALJ should not 'give controlling weight to a GAF from a treating source unless it is well supported and not inconsistent with other evidence.'") (quoting SSA AM–13066 at 5 (July 13, 2013)). Thus, the ALJ properly considered the GAF scores supported by the medical evidence, and did not give them undue weight.

Finally, Plaintiff objects that the ALJ's residual function capacity (RFC) determination and the hypothetical question posed to the vocational expert did not take into account Plaintiff's

moderate limitation in concentration, persistence, or pace.[6] [ECF 14 at 15-19]. Again, Plaintiff is mistaken. At step two of the five-step sequential evaluation process, the ALJ concluded that "[w]ith regard to concentration, persistence, or pace, [Plaintiff] has moderate difficulties." (A.R. at 25). As noted above, the ALJ concluded that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: she is limited to routine tasks; to short simple instructions; to simple work-related decisions with few workplace changes; to no interaction with the public; to no more than occasional interaction with coworkers and supervisors; and to no work that is codependent as if on a team." (*Id.*). Based on the evidence of record, the Magistrate Judge concluded that the ALJ had properly accounted for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace by including the non-exertional limitations discussed above. (R&R at 22). This Court agrees.

Plaintiff cites to numerous cases where a district court or a circuit court found that the ALJ's RFC assessment failed to properly take into account moderate difficulties in maintaining concentration, persistence, or pace. [ECF 14 at 16-19]. A review of these cases reveals, however, that the ALJ decisions in those cases did not contain nearly the number or depth of the non-exertional limitations identified by the ALJ in this case, which were meant to accommodate and address Plaintiff's concentration, persistence, and/or pace difficulties. *See, e.g., Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004) (concluding that an RFC must take into account deficiencies in concentration, persistence, or pace, and that an RFC whose only limitations are simple tasks, restrictions on travel, and phone privileges, does not properly take into account

---

[6] In cases involving mental impairments, the Social Security regulations set forth a specific technique for determining whether the impairments are severe. *See* 20 C.F.R. 404.1520a. An ALJ must assess mental limitations in four functional areas, including concentration, persistence, and pace, to determine if a particular impairment is severe. Id. at 404.1520a(c). In posing a hypothetical question to a vocational expert, an ALJ must "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Rutherford*, 399 F.3d at 554 (emphasis removed).

these deficiencies); *Plank v. Colvin*, 2013 WL 6388486, at *10 (E.D. Pa. Dec. 6, 2013) (finding that limiting a claimant to unskilled work is insufficient to incorporate moderate limitations in maintaining concentration, persistence, or pace into an RFC); *Keiderling v. Astrue*, 2008 WL 2120154, at *7 (E.D. Pa. May 20, 2008) (holding that an RCF that only eliminated work involving "detailed instructions" was insufficient to accommodate moderate limitations in claimant's ability to understand and remember short instructions). Further, subsequent to the Third Circuit decision in *Ramirez*, which held that an RFC must incorporate deficiencies in concentration, persistence, or pace, the Third Circuit has revisited this issue several times and routinely concluded that an RFC that limits a claimant to simple routine tasks with reduced or no social interactions properly accommodates moderate difficulties in concentration, persistence, or pace. *See Parks v. Comm'r of Soc. Sec.*, 401 F. App'x 651, 655 (3d Cir. 2010) (holding an RCF that limits claimant to performing "simple, unskilled work with restricted social interactions" incorporates moderate restrictions on concentration, persistence, or pace); *McDonald v. Astrue*, 293 F. App'x 941, 946-47 (3d Cir. 2008) (holding an RFC that limits claimant to "simple routine tasks" properly accommodates claimant's "moderate limitations with his ability to maintain concentration, persistence and pace."); *Menkes v. Astrue*, 262 F. App'x 410, 412-13 (3d Cir. 2008) (holding an RFC that limits claimant to "simple routine work" incorporates moderate restrictions on concentration, persistence, or pace). In this case, as correctly found by the Magistrate Judge, the ALJ included numerous non-exertional limitations, all supported by the medical evidence of record, and which more than adequately incorporated Plaintiff's moderate limitations in concentration, persistence, and/or pace. (A.R. at 25); (R&R at 24). Thus, Plaintiff's objection that the ALJ did not properly incorporate Plaintiff's concentration, persistence, and/or pace limitations is overruled.

Accordingly, Plaintiff's objections to the Magistrate Judge's conclusions that the ALJ's decision: (1) gave appropriate weight to the various doctors' opinions, (2) correctly considered the GAF scores, and (3) incorporated Plaintiff's limitations in the RFC, are without merit and, therefore, are overruled.

**CONCLUSION**

After careful *de novo* review of the evidence in the record and the submissions of the parties, this Court finds that substantial evidence exists in the administrative record to support the decision of the ALJ. Consequently, for the reasons stated herein, Plaintiff's objections are overruled, the R&R is approved and adopted, and Plaintiff's request for review is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDCJ.